# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 07 C 2870 |
| | Judge James B. Zagel |
| ONE 2005 ROLLS ROYCE PHANTOM, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before me is the United States' motion to strike JP Morgan's untimely filed claim to defendant vehicle. For the reasons stated below, the motion to strike is denied. JP Morgan's claim to the vehicle is ordered properly filed and the case shall proceed accordingly.[1]

**I. Background**

This is an in rem forfeiture action pursuant to 18 U.S.C §§ 981(a)(1)(C) and 981(a)(1)(A) for the forfeiture of one 2005 Rolls Royce Phantom. In November 2006, the United States initiated the administrative forfeiture of the 2005 Rolls Royce Phantom, which, according to the complaint is property which was derived from proceeds traceable to a violation of bank fraud, in violation of 18 U.S.C. § 1344, and property involved in monetary transactions in criminally derived property in excess of $10,000, in violation of 18 U.S.C. §§ 1345 and 1355(e). On

---

[1] JP Morgan's motion for leave to file its claim and answer instanter was presented to the court on October 9, 2007. I granted Plaintiff 28 days to file its objection to that motion. However, due to a docketing error, the motion to file instanter was granted and Plaintiff was ordered to answer by November 6, 2007. Because of the error, the United States has instead styled its brief as a motion to strike, to which JP Morgan has responded and the United States replied. Ordinarily JP Morgan would have the final word on its motion, but I am denying the opportunity to sur-reply because the reply doesn't raise any new issues that weren't already addressed in JP Morgan's filings.

November 17, 2006, the United States obtained a seizure warrant for the defendant vehicle, and on November 20, 2006, the vehicle was seized by agents from the Internal Revenue Service. On January 19, 2007, notice of the seizure and administrative forfeiture was sent to all persons known to have an interest in the vehicle, including JP Morgan Chase Bank in Phoenix, Arizona.

As the complaint indicates, the 2005 Rolls Royce Phantom was purchased at Luxury Motors Gold Coast Inc., d/b/a Bentley Gold Coast, Inc., which took back a purchase money security interest in the vehicle. The assignee of that security interest was JP Morgan Chase Bank, in the amount of $142,013.48.[2] That purchase occurred on October 12, 2006.

On February 28, 2007, Chase Auto Finance filed a claim with the IRS. That claim was verified by Rita Houp, Vice-President of Chase Auto Finance. The administrative claim was accompanied by two business cards identifying contact persons for Chase Auto Finance, one for Jim West and one for Rita Houp. Another employee of Chase Auto Finance, Terra Quinton, contacted the United States Attorney's Office prior to its initiation of civil forfeiture. Ms. Quinton requested that all notices concerning the defendant vehicle should be directed to her.

On May 22, 2007 judicial forfeiture proceedings began when the Unites States filed its civil forfeiture complaint. No notice of the proceedings was sent to JP Morgan Chase Bank. Instead, notice was sent to Rita Houp, Jim West, and Terra Quinton, three persons from Chase Auto Finance Corp., a wholly owned subsidiary of JP Morgan Chase Bank, who had identified themselves as individuals connected with the matter and appropriate for service. The notice

---

[2]The total purchase price of the 2005 Rolls Royce Phantom was $270,000. The purchaser, Robert Brunt, an individual alleged to be involved in a scheme to defraud mortgage companies and others including financial institutions, traded-in his 2004 Rolls Royce and paid $10,000 cash to provide the total purchase price.

2

provided that claims must be filed within 35 days of the date of notice, or July 5, 2007. Notice was also published in the Chicago Tribune on June 4, 2007, as required by Supplemental Rule G(4)(a)(iii)(B).[3] That rule allows for claims to be filed within 30 days of final publication.

On September 30, 2007, JP Morgan Chase Bank filed a motion for leave to file its claim and answer instanter, owing its untimely filing to the fact that notice was sent to Chase Auto Finance Corp., a wholly owned subsidiary of JP Morgan Chase Bank, but not to JP Morgan Chase Bank, the record lienholder. JP Morgan Chase Bank admits that the notice may have been technically sufficient pursuant to Supplemental Rule G(4)(b)(iii), which allows for notice "by means reasonably calculated to reach the potential claimant," but argues that the notice process employed by the United States injected "an element of delay" into the process. JP Morgan Chase Bank further argues that it is a lienholder and "innocent owner" under 18 U.S.C. § 983(d), and that the United States will not be prejudiced by allowing it to file its claim to the defendant vehicle, which is attached to its motion.

The United States argues that I should not excuse JP Morgan Chase Bank's untimely filing, which if counting from the date of notice was more than 80 days overdue. The United States stresses that its direct service on the three persons specifically self-identified for receipt of notice compels adherence to the July 5, 2007 due date.

---

[3] The Supplemental Rules for Certain Admiralty and Maritime Claims specifically apply to "the procedure in statutory condemnation proceedings analogous to maritime actions in in rem, whether within the admiralty and maritime jurisdiction or not." Fed.R.Civ.P., Supp. Rule A. The Supplemental Rules appy to civil forfeiture actions under 21 U.S.C. § 881. *United States v. United States Currency in the Amount of $103,387.27*, 863 F.2d 555, 558 n.4 (7th Cir. 1988) (*citing United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208, 210 n.2 (7th Cir. 1985)).

## II. Analysis

The Unites States argues that I should insist on strict compliance with Rule G(5), but the cases it cites are distinguishable from the facts presented here. *United States v. Commodity Account No. 549 54990 at Saul Stone & Company*, 219 F.3d 595, 598 (7th Cir. 2000) (claimant's claim was both unverified and *two years* outside the twenty-day window allotted to file, and claimant was convicted in Norway of criminal fraud allegedly related to the moneys he later sought to claim in the U.S.); *United States v. $38,570 U.S. Currency*, 950 F.2d 1108 (5th Cir. 1992) (claimant and his attorney were each directly served notice of forfeiture); *United States v. Three Parcels of Property*, 43 F.3d 388, 391 (8th Cir. 1994) (in addition to lacking required verification, claims did not specify in which properties the named claimants had an interest, and, furthermore, the motion to strike claims was deemed "unresisted" because claimants failed to amend their claims when given the opportunity to do so).

Although strict compliance with the filing requirements of the Supplemental Rules is typically required, it has been held an abuse of discretion to strike a claim for failure to comply. *U.S. Currency, in the Amount of $103,387.27*, 863 F.2d at 563; *but see United States v. Beechcraft Queen Airplane*, 789 F.2d 627, 630 (8th Cir. 1986) (district court did not abuse its discretion in striking answer that was not preceded by verified claim); *United States v. 218 Panther Street*, 745 F.Supp. 118, 120 (E.D.N.Y. 1990) (claimant lacks standing to contest forfeiture because he did not timely file claim and answer); *United States v. RR 2*, 959 F.2d 101, 104 (8th Cir. 1992) (no abuse of discretion to strike unverified claims).

Forfeiture is a harsh but effective civil penalty, especially in a case such as this one where the defendant vehicle had a purchase price of $270,000 and the claimant has an interest in

4

that vehicle in the amount of $142,013.48. However, even where the United States has a solid forfeiture case, a claimant who has standing to contest the forfeiture should be given the opportunity to do so. *See U.S. Currency in the Amount of $103,387.27*, 863 F.2d at 561. In this case, JP Morgan's claim in the civil forfeiture proceeding is clear, and the legitimacy of that claim was noted in the complaint where the United States alleged the defendant vehicle was financed with a loan from JP Morgan. *See United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993) ("Only those with legitimate possessory interests have standing to challenge forfeitures."); *see also $38,570 U.S. Currency*, 950 F.2d at 1113 (claimant need not supplement claim with evidence of ownership where government admitted relationship to currency in its complaint).

Ultimately, I am persuaded by the Seventh Circuit's reasoning in *U.S. Currency in the Amount of $103,387.27*, in which the court pointed to several factors which have guided district courts in exercising their discretion in forfeiture claims. 863 F.2d at 561. The same two factors are relevant here: (1) whether the claimant has advised the court and the government of its interest in the defendant - here the 2005 Rolls Royce Phantom, and (2) whether the government would be prejudiced by allowing the late filing. Like in *U.S. Currency in the Amount of $103,387.27*, in this case the government and the court were placed on notice of JP Morgan's interest in the property. The government concedes that service on the wholly owned subsidiary Chase Auto Finance was sufficient service on JP Morgan the parent company, and the government's own exhibit (Exhibit C) shows that Chase Auto Finance had intentions to file a claim in the defendant interest as of February 28, 2007, when Chase Auto Finance filed a claim with the IRS. This was well before the filing deadline came and went here. Additionally, the United States details JP Morgan's interest in the vehicle, including the amount and date of the

loan secured, in its verified complaint. Thus, there is no dispute as to the ownership interest, and the court was on notice of this interest as of May 22, 2007.

Admittedly, JP Morgan's reasons for its late filing are feeble, but courts have extended the time to file a claim despite the claimant's failure to offer *any* reasons supporting failure to file where the government failed to specifically show how it would be prejudiced by a late filing. *See United States v. One (1) 1979 Mercedes 450 SE*, 651 F.Supp. 351 (S.D.Fla. 1987). The government has not stated any prejudice it may face as a result of the untimely filing, and under the circumstances here, none can be found. The purpose of time limits in forfeiture proceedings is to force potential claimants to come forward as soon as possible after the proceedings have begun so that all interested parties can be heard and the dispute can be resolved expeditiously. *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir. 1985). Because that purpose is not thwarted here, where the government and the court knew, by the time of the filing of the complaint, of JP Morgan's interest in the vehicle, the government's motion to strike JP Morgan's claim is denied.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: January 8, 2008